1  Gary E. Klausner (State Bar No. 69077)
2  STUTMAN, TREISTER & GLATT
   PROFESSIONAL CORPORATION
3  1901 Avenue of the Stars, 12th Floor
   Los Angeles, CA  90067
4  Telephone:  (310) 228-5600
   Telecopy:  (310) 228-5788
5  Email:  gklausner@stutman.com

6  Chair, Standing Committee on Discipline

7

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10 IN THE MATTER OF ARSHAK        )   MATTER NOS.:      12-001[3]
   BARTOUMIAN                      )                     12-004[3]
11                                 )                     12-005[3]
12                                 )   CV 14-00159 CAS-MWF-GHK
                                   )   UNITED STATES DISTRICT COURT
13                                 )   STANDING COMMITTEE ON
                                   )   DISCIPLINE'S REPORT AND
14                                 )   RECOMMENDATION REGARDING
                                   )   ARSHAK BARTOUMIAN
15                                 )
                                   )
16                                 )
                                   )
17 _____ )

18         Attached hereto is the Report and Recommendation of Section 3 pertaining to the

19 complaints against Arshak Bartoumian submitted to the U.S. District Court Standing Committee on

20 Discipline.  This Report and Recommendation was approved by the full Committee at a meeting

21 which took place on December 4, 2013.  The Committee's recommendation to the District Court is

22 that Mr. Bartoumian be disbarred.

23

24

25 Dated: December _11_, 2013

26                                   Gary E. Klausner
                                     Chair
27                                   Standing Committee on Discipline

28

---
Standing Committee Discipline Findings, Preliminary Conclusions and Recommendations for Arshak Bartoumian
578717v1

# MEMORANDUM

| TO: | Standing Committee on Discipline<br>U.S. District Court, Central District of California |
|---|---|

**FROM:**     Section 3 (R. Alexander Pilmer, Eric Winston and Ronald Nessim)

**DATE:**      November 21, 2013

**RE:**         Final Report re Bartoumian Referrals

---

This report addresses three referrals involving Arshak Bartoumian (California State Bar No. 210370):

1)      February 15, 2012 referral from Judge Dale S. Fischer in the matter of *Kodesh v. Aurora Loan Services*, CV-11-3700 DSF (PJWx) (*Kodesh* matter);

2)      November 27, 2012 referral from Judge Stephen V. Wilson in the matter of *Tervardanyan v. Creditors Financial Group, LLC, et al*, 12-CV-01223 SVW (FFMx) (*Tervardanyan* matter); and

3)      November 27, 2012 referral from Chief Magistrate Judge Suzanne Segal regarding multiple matters.

Because these referrals involve the same attorney, and the nature of the referrals is similar, each of these matters has been assigned to Section 3 of the United States District Court, Central District of California's Standing Committee on Discipline ("Standing Committee"). We will address these referrals collectively in this one report.

In correspondence dated December 12, 2012, January 6, 2013, and February 1, 2013, Section 3 of the Standing Committee advised Mr. Bartoumian of the natures of these referrals and requested that Mr. Bartoumian provide a response to the three referrals to the Disciplinary Committee. On October 11, 2013, Section 3 provided Mr. Bartoumian with a copy of this report, and advised him that Section 3 would recommend disbarment. Section 3 also advised Mr. Bartoumian that if he intended to pursue any of his rights under Local Rule 83-3.1.5, he should advise Section 3 by October 25, 2013. Mr. Bartoumian did not provide a substantive response to any of this correspondence.

## FINDINGS OF FACT

### *Kodesh Matter*

On February 15, 2012, Judge Dale S. Fisher referred Mr. Bartoumian's conduct in relation to the *Kodesh* matter to the Standing Committee; a copy of this letter was mailed to

Mr. Bartoumian. Judge Fisher's referral included a copy of the Court's December 9, 2011 "Order Granting Substitution of Counsel Nunc Pro Tunc, and Order to Show Cause re Dismissal." ("December 9, 2011 Order"). In the December 9, 2011 Order, Judge Fisher issued an Order to Show Cause ("OSC") against Mr. Bartoumian and ordered Mr. Bartoumian to 1) advise his clients of specific failures to comply with the Court's prior orders (as delineated in the December 9, 2011 Order; 2) provide his clients with copies of the Court's prior orders in the *Kodesh* matter; 3) read the Court's General Orders and Local Rules re e-filing; 4) file a declaration no later than December 20, 2011 stating that he accomplished all of the above; 5) provide via e-mail an appropriate substitution of attorney form in the *Kodesh* matter; and 6) file the amended complaint at Civil Intake and to follow all other General Orders and Rules. The Court also imposed additional monetary sanctions in the amount of $250.

On December 20, 2011, Mr. Bartoumian filed a declaration in the *Kodesh* matter. (D.E. #260). This declaration did not specifically address each of the items from the December 9, 2011 Order. In addition, while Mr. Bartoumian purported to include with his declaration an amended complaint, in fact, he filed no such amended complaint with his declaration. *See* January 23, 2012 Order (D.E. 268). On January 23, 2012, the Court dismissed the *Kodesh* matter with prejudice.

In connection with this matter, the State Bar of California ("State Bar") conducted an investigation into Mr. Bartoumian's conduct. On January 18, 2013, the State Bar entered a stipulated Stayed Suspension Order ("Suspension Order"). The Suspension Order held that Mr. Bartoumian had violated Business and Professions Code Section 6103 for willfully disobeying court orders. Among other items, the Suspension Order suspended Mr. Bartoumian for the practice of law for one year, although that suspension was stayed. Mr. Bartoumian was also placed on probation for one year, during which time he was required to comply with various conditions.

### *Tervardanyan Matter*

On November 19, 2012, Judge Steven Wilson issued an order in the *Tervardanyan* matter which, among other items, imposed sanctions against Mr. Bartoumian on account of his conduct in that case and referred Mr. Bartoumian to the Standing Committee ("November 19, 2012 Order"). In that order, Judge Wilson recounted Mr. Bartoumian's failure to appear at hearings, failure to respond to dispositive motions filed by defendants, and failure to respond to sanctions requests. Detailing Mr. Bartoumian's pattern of such misconduct (citing, for example Mr. Bartoumian's misconduct in eight other matters pending in this Central District of California)[1], Judge Wilson held that "Mr. Bartoumian has and continues to willfully abuse the

---

[1]    The eight other matters are 1) *Thongnoppakun v. Am. Express Bank*, No. 2:11-CV-8063-ODW-MAN; 2) *Vartanian v. United Collections Bureau*, 2012 U.S. Dist. LEXIS 102076 (C.D. Cal. July 20, 2012); 3) *Ughuri v. LVNV Funding, LLC*, No. 2:12 CV-1224-JFW-JEM; 4) *Vartanian v. Legal Recovery Law Offices*, 2012 U.S. Dist. LEXIS 81990; 5) *Khudaverdyan v. Delta Mgmt. Assocs.*, No. 2:12-CV-723-PSG-JCG; 6) *Nikogosian v.*

2

judicial process." November 19, 2012 Order, 3. Judge Wilson also ordered the plaintiff to show cause by November 26, 2012 why the case should not be dismissed with prejudice: plaintiff filed no response to this OSC, and on November 28, 2012 the Court dismissed plaintiff's remaining claims with prejudice. D.E. 87. The Court also imposed sanctions against Mr. Bartoumian and 1) in favor of defendant Nationwide Credit in the amount of $5,874 (D.E. 89); 2) in favor of defendant United Recovery Systems, et al in the amount of $26,240.95 (D.E. 94) and 3) in favor of defendant NCB Management Services, Inc. in the amount of $9,400.75 (D.E. 93).

## *Magistrate Judge Segal Referral*

Judge Segal's November 27, 2012 referral explicitly references the *Kodesh* and *Tervardanyan* matters discussed above. In addition to these matters, Judge Segal's referral addresses several other matters where Mr. Bartoumian was counsel of record: 1) *Ayvazian v. The Moore Law Group*, 12-CV-0156 ODW; 2) *Oganyan v. Square Two Financial*, 11-CV-10226 RGK; 3) *Minasyan v. Creditors Financial Group*, 12-CV-01864; 4) *Margaryan v. Primary Financial Services, et al*, 11-CV-08717 JAK; 5) *Int'l Families Assoc. v. Electronic Payment*, 11-CV-02254 R; 6) *Arutyunyan v. Bank of America*, 11-CV-08873 GW; 7) *Khayan v. Asset Acceptance Capital*, 12-CV-00296; and 8) *Vahanyan v. Unifund Corp.*, 12-CV-01849 DMG. In these matters, on behalf of various clients, Mr. Bartoumian had filed complaints against banks or other financial services institutions under the Fair Debt Collections Practices Act, Fair Credit Reporting Act or related statutes. Judge Segal's referral also noted that Mr. Bartoumian had been repeatedly sanctioned by various judges in the District for filing frivolous complaints, failing to appear, failing to follow Court orders and failing to comply with the local rules.

Judge Segal's referral also includes a spreadsheet identifying dozens of cases where the Court expressed concern that Mr. Bartoumian may have been abusing the *in forma pauperis* ("IFP") process.

Section 3 has reviewed the dockets, and various pleadings, from each of the matters identified in this spreadsheet. As described in the following chart, Mr. Bartoumian has been counsel of record in at least 51 cases pending in the Central District of California during the past three years where he has either personally been sanctioned by the Court, has been the subject of an OSC re sanctions, or his client's case has been dismissed for failure to prosecute the action or comply with this Court's rules.

---

*Client Servs., Inc.*, No. 2-12-CV-467-SJO-JC; 7) *Tirabaedya v. Cach LLC*, No. 2:12-CV-04188-SVW-FMO; and 8) *Grigoryan v. U.S. Bank NA, et al.*, No. 2:12-CV-5426-SVW-JEM.

KE 28855666.1

| | | *Agavni Ani Gabrielyan v. Equifax Information Services LLC*<br>2:11-CV-10428-PA-JC | |
|---|---|---|

| DATE | DOCKET No. | DOCKET TEXT |
|---|---|---|
| 03/21/12 | 14 | MINUTE ORDER IN CHAMBERS by Judge Percy Anderson:  The parties have not filed the Joint Scheduling Report required by Federal Rule of Civil Procedure 26(f), Local Rule 26, and the Court's Order Scheduling Meeting of Counsel and Setting Scheduling Conference dated February 3, 2012 (Order Setting Scheduling Conference).  The Order Setting Scheduling Conference warns:  The failure to submit a joint report in advance of the Scheduling Conference or the failure to attend the Scheduling Conference may result in the dismissal of the action, striking the answer and entering default, and/or the imposition of sanctions.  **As a result of the parties violation of the Order Setting Scheduling Conference, this action is dismissed without prejudice.**  See Federal Rule of Civil Procedure 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.  The Scheduling Conference set for March 26, 2012 is vacated. (Made JS-6. Case Terminated.) (pso) (Entered:  03/21/2012) |

| | | *Akop Indzheyan v. Mandarich Law Group LLP, et al.*<br>2:12-CV-02066-PSG-PJW | |
|---|---|---|

| DATE | DOCKET No. | DOCKET TEXT |
|---|---|---|
| 03/26/12 | 8 | MINUTES (IN CHAMBERS) ORDER TO COMPLY WITH LOCAL RULE 3-2 held before Judge Audrey B. Collins:  PLAINTIFF is reminded that all manually filed civil initiating documents shall be e-mailed to the Court within 24 hours of their filing with the Court in PDF format only.  PLAINTIFF is hereby ordered to e-mail PDF copies of the COMPLAINT, NOTICE OF ASSIGNMENT, SUMMONS, CIVIL COVER SHEET, AND CERTIFICATION AND NOTICE OF INTERESTED PARTIES to the Civil Intake e-mail address for the appropriate Court Division within 24 hours of the issuance of this order. Failure to do so will result in a hearing before this Court and imposition of sanctions pursuant to Local Rule 83-7(a). (mg) (Entered:  03/26/2012) |

KE 28855666.1

| 08/17/12 | 24 | ORDER TO STRIKE ELECTRONICALLY FILED DOCUMENT(S) by Judge Philip S. Gutierrez: the following document(s) be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order: Proof of Service of Summons and Complaint Returned Executed (21 days) 18, for the following reasons: Title page is missing; (1w) (Entered: 08/17/2012) |
|----------|-----|------|
| 10/15/12 | 55 | MINUTES: (In Chambers) Order Granting Motion to Dismiss: On August 28, 2012, Defendant Northland Group, Inc. ("Northland Group") filed a motion to dismiss Plaintiff's Complaint, set for hearing on October 22 at 1:30 P.M. 32. The opposition to the motion was due on October 1. Plaintiff has failed to file an opposition, timely or otherwise. Accordingly, Defendant's motion to dismiss is GRANTED. The case is DISMISSED as to Defendant Northland Group IT IS SO ORDERED by Judge Philip S. Gutierrez. (ir) (Entered: 10/16/2012) |
| 11/26/12 | 68 | MINUTES (IN CHAMBERS) ORDER Granting Motion for Judgment on the Pleadings by Judge Philip S. Gutierrez granting 54 Motion for Judgment on the Pleadings: On October 11, 2012, Defendant Nationwide Credit, Inc. ("Defendant") filed a Motion for Judgment on the Pleadings, set for hearing on December 3. 2012 at 1:30 P.M. Dkt. #54. The opposition to the motion was due on November 12. Plaintiff has failed to file an opposition, timely or otherwise. Thus, pursuant to Local Rule 7-12, the Court deems the failure to file a timely opposition to be consent to the granting of Defendant's motion. See L.R. 7-12. Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED. The case is DISMISSED as to Defendant Nationwide Credit, Inc. (bm) (Entered: 11/26/2012) |
| 11/27/12 | 70 | MINUTE ORDER IN CHAMBERS Order Dismissing Defendants Mandarich Law Group, LLP and Genpact Services, LLC by Judge Philip S. Gutierrez: The response to the Order to Show Cause was due on November 1, 2012. Plaintiff failed to respond to the Order to Show Cause. Therefore, the Court dismisses Defendants Mandarich Law Group, LLP and Genpact Services, LLC. (bp) (Entered: 11/27/2012) |
| 11/27/12 | 71 | MINUTE ORDER IN CHAMBERS Order Dismissing Case for Failure to Prosecute by Judge Philip S. Gutierrez: Plaintiff has failed to meet its obligations under the Order. As detailed in the Court's Standing Order, "Strict compliance with Fed.R.Civ.P.16 and 26 is required." See Dkt. #7. Accordingly, this case is DISMISSED on account of Plaintiff's failure to prosecute. (Made JS-6. Case Terminated.) (bp) (Entered: 11/27/2012) |

KE 28855666.1

| | | |
|---|---|---|
| colspan="3" | *Alik Eliasian v. Bank of America NA, et al.*<br>**2:12-CV-03521-JFW-AJW** |
| **DATE** | **DOCKET<br>NO.** | **DOCKET TEXT** |
| 10/10/12 | 51 | MINUTE IN CHAMBERS ORDER DISMISSING ACTION WITHOUT PREJUDICE by Judge John F. Walter:  As a result of the plaintiff's failure to participate in the preparation of the Joint Rule 26(f) Report as required by Court's Order of August 27, 2012, this action is hereby DISMISSED without prejudice.  The Scheduling Conference, currently on calendar for October 22, 2012, is VACATED. (Made JS-6. Case Terminated.) (jp) (Entered: 10/10/2012) |
| colspan="3" | *Alla Arutyunyan v. Bank of America*<br>**2:11-CV-08873-GW-JCG** |
| **DATE** | **DOCKET<br>NO.** | **DOCKET TEXT** |
| 03/28/12 | 16 | MINUTE ORDER IN CHAMBERS by Judge George H Wu:  Counsel for plaintiff is ordered to appear on April 12, 2012 at 8:30 A.M., and show cause why sanctions should not be imposed for failure to comply with General Order 10-07(V)(C)(1).  The hearing will be taken off-calendar provided that counsel e-mail to the civil intake e-mail box the filed First Amended Complaint in PDF format by April 12, 2012. (jag) (Entered: 03/28/2012) |
| 04/12/12 | 18 | MINUTES:  ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED UPON PLAINTIFF'S COUNSEL FOR FAILURE TO COMPLY WITH GENERAL ORDER 10-07(V)(C)(1):  Counsel for plaintiff is not present.  Plaintiff is sanctioned in the amount of $500.00 for failure to comply with the Courts order and for failure to appear at today's hearing.  The order to show cause hearing is continued to May 21, 2012 at 8:30 A.M.  Failure to comply will result in further sanctions in the amount of $1,500.00 by Judge George H Wu Court Reporter: Pat Cuneo. (ir) (Entered: 04/13/2012) |

| 09/17/12 | 34 | AMENDED MINUTES: PROCEEDINGS: DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT (filed 08/20/12) before Judge George H Wu: The Court GRANTS IN PART/DENIES IN PART defendant's motion to dismiss 29 without leave to amend. The Court imposes sanctions in the amount of $750.00 on plaintiff's counsel, Arshak Bartoumian, for failure to appear, failure to file a response to defendant's motion to dismiss, and for reasons as stated on the record. Plaintiff's counsel is ORDERED to make said payment to the Clerk of the Court within 30 days from the date of this order. Defendants counsel shall give notice 33. Court Reporter: Wil Wilcox. (jp) (Entered: 09/20/2012) |

### *Anait Oganyan v. Square Two Financial, et al.*
### 2:11-CV-10226-RGK-VBK

| DATE | DOCKET No. | DOCKET TEXT |
|---|---|---|
| 09/26/12 | 34 | MINUTES (IN CHAMBERS) ORDER by Judge R. Gary Klausner: granting 25 Motion for Sanctions. The Court GRANTS Portfolio's Motion for Sanctions pursuant to Rule 11 and orders Plaintiff and her counsel to pay Portfolio's reasonabl e attorneys fees and costs in the amount of $16,691.48. (shb) (Entered: 09/26/2012) |

### *Ani Bagramyan v. Bank of America*
### 2:12-CV-00720-DMG-RZ

| DATE | DOCKET No. | DOCKET TEXT |
|---|---|---|
| 10/22/12 | 28 | MINUTES (IN CHAMBERS): ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc.#25, 27] by Judge Dolly M. Gee: Defendant's Motion to Dismiss is GRANTED for lack of opposition. Plaintiff's complaint is DISMISSED without prejudice 25 27 ( MD JS-6. Case Terminated ) (bp) (Entered: 10/23/2012) |

| *Ani Bagramyan v. Client Services Inc.* 2:12-CV-00463-SVW-JCB | | |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 02/05/13 | 18 | MINUTES OF MOTION for Attorney Fees Notice of Motion and Motion for Determination of Reasonable Attorneys' Fees and Costs Pursuant to Award of Sanctions Against Arshak Bartoumian filed by Defendant Client Services Inc. 17 Hearing held before Judge Stephen V. Wilson. Attorney for defendant states his appearance. **Attorney Bartoumian fails to appear.** The motion is granted 17 . Court Reporter: Deborah Gackle. (lom) (Entered: 02/06/2013) |

| *Anushik Khachatryan v. CMRE Financial Services Inc., et al.* 2:11-CV-08759-JFW-MAN | | |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 01/20/12 | 13 | MINUTE IN CHAMBERS ORDER DISMISSING ACTION WITHOUT PREJUDICE by Judge John F. Walter:  As a result of the parties failure to file the Joint Rule 26(f) Report and the Notice of Settlement Conference Procedure Selection Form/ADR Program Questionnaire as required by the Court Order of 12/20/2011, this action is hereby DISMISSED without prejudice.  The Scheduling Conference, currently on calendar for 1/23/2012 is VACATED (Made JS-6.  Case Terminated.) (jp) (Entered: 01/20/2012) |

| *Armen Grigoryan v. Chexs Systems Inc.* 2:11-CV-06107-CBM-FFM | | |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 03/14/12 | -- | MINUTES OF JUDGE MARSHALL:  Case called, defense counsel announced his appearance.  The Court notes for the record that Plaintiff's counsel has failed to appear which is a violation of the Local Rules. Defense counsel informed the Court that this case has settled.  Court Recorder:  Hilda Avila. (j1) (Entered: 03/16/2012) |

8

| | | **_Armen Hovsepyan v. Commercial Collection of America_**<br>**2:11-cv-08711-GAF-MAN** |
|---|---|---|
| **Date** | **Docket No.** | **Docket Text** |
| 02/24/12 | 11 | MINUTE ORDER IN CHAMBERS ORDER DISMISS CASE by Judge Gary A. Feess:  To date, Plaintiff's has not filed an amended complaint  Accordingly, the Court DISMISSES this action with prejudice for the reasons set forth in its February 6, 2012 Order.  (Made JS-6. Case Terminated.) (bp) (Entered: 02/27/2012) |
| | | **_Arutyunyan v. JPMorgan Chase Bank_**<br>**2:11-cv-08969-JAK-PJW** |
| **Date** | **Docket No.** | **Docket Text** |
| 03/12/12 | 20 | NOTICE of Order to Show Cause Re Plaintiff's Counsel's Failure to Appear at Rule 26 Scheduling Conference filed by Defendants Chase Bank USA N A. (Sasso, Marcos) (Entered: 03/12/2012) |
| 03/12/12 | 22 | MINUTES OF MOTION HEARING AND SCHEDULING CONFERENCE:  granting 7 Motion to Dismiss Case granting 12 Motion to Dismiss; Motion Hearing and Scheduling Conference held before Judge John A Kronstadt.  The Court adheres to its tentative views, and GRANTS the motion to dismiss, in part with leave to amend and in part without.  Given Plaintiff's failure to appear, Plaintiff shall file any amended complaint no later than March 26, 2012.  Plaintiff and her counsel shall keep in mind the obligation to plead in good faith pursuant to Rule 11.  The Court has received the Rule 16 Report, submitted only by Defendant, because Plaintiff's counsel has failed to respond to requests to cooperate in the preparation of the report and has failed to appear, as ordered, at the scheduling conference.  Given Plaintiff's counsels failure |

9

| | | to appear at the scheduling conference, the Court issues an Order to Show Cause why sanctions in the amount of $250 should not be imposed. A hearing on the Order to Show Cause is scheduled for March 26, 2012 at 1:30 P.M. Plaintiff's counsel shall file a declaration under penalty of perjury by March 19, 2012 explaining his absence at the hearing and scheduling conference. Failure to file the declaration will result in sanctions being imposed. If a declaration is filed, the Court may take the OSC off calendar. The Court confers with counsel and sets the following dates: April 2, 2012: Last Day to Amend Pleadings; September 24, 2012: Initial Expert Disclosures; October 5, 2012: Non-Expert Discovery Cut-Off; October 14, 2012: Rebuttal Expert Disclosures; October 31, 2012 Expert Discovery Cut-Off; November 19, 2012 Last Day to Hear Motions; December 3, 2012 at 3:00 P.M.; Final Pretrial Conference; December 14, 2012 at 3:00 P.M.; Status Conference re Exhibits; December 18, 2012 at 9:00 A.M.; Jury Trial (est. 3 days). Court Reporter: Alex Joko. (shb) (Entered: 03/19/2012) |

### Ashkhen A. Arutyunyan v. American Express Centurion Bank, et al.
### 2:12-cv-04123-CBM-SH

| DATE | DOCKET NO. | DOCKET TEXT |
|---|---|---|
| 11/01/12 | 82 | MINUTES OF Motion Hearing held before Judge Consuelo B. Marshall. The case is called and appearances are made. Counsel for Plaintiff is not present for the hearing. Court and counsel discuss the motions. The Court takes the motions under submission and its order will follow. The Court will issue an OSC as to the non-appearance of plaintiff's counsel. 36 Court Reporter: Leandra Amber. (cs) (Entered: 12/12/2012) |
| 11/26/12 | 84 | (IN CHAMBERS) ORDER TO SHOW CAUSE RE: SANCTIONS 68 by Judge Consuelo B. Marshall: The Court again ORDERS Arshak Bartoumian to SHOW CAUSE as to why sanctions should not be imposed for the violations of the rules of this Court described in the prior OSC. Mr. Bartoumian is further ORDERED to provide a written response no later than November 30, 2012. Failure to respond to this Order on or before November 30, 2012 will result in the imposition of monetary sanctions. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7.11, NO ORAL ARGUMENT will be heard on this matter unless ordered by the Court. The Order to Show Cause will stand submitted upon filing of a response. (jre) (Entered: 11/26/2012) |

10

| *Cindy Anna-Maria Carder v. Allied Collection Services of California LLC, et al.*<br>2:12-CV-03507-GW-VBK | | |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 11/02/12 | 14 | MINUTE IN CHAMBERS ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION by Judge George H Wu:  (Response to Order to Show Cause due by 12/3/2012.) (SEE ATTACHED FOR FURTHER DETAILS) (pi) (Entered:  11/05/2012) |
| 12/07/12 | 15 | MINUTE ORDER NOTICE OF DISMISSAL BY CLERK FOR LACK OF PROSECUTION by Judge George H Wu:  <u>14</u> On November 2, 2012, an Order to Show Cause for Lack of Prosecution was issued for the following reasons:  Failure to prosecute in a timely fashion.  Plaintiff was given until December 3, 2012 to respond and no response or objection has been filed.  Plaintiff is hereby notified that this action is dismissed without prejudice.  (Made JS-6. Case Terminated.) (pj) (Entered: 12/07/2012) |

| *David Bagramian v. Legal Recovery Law Offices Inc., et al.*<br>2:12-CV-01512-CAS-MRW | | |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 09/24/12 | 52 | MINUTES OF Motion Hearing held before Judge Christina A. Snyder: Because plaintiff failed to file an amended complaint, the Court hereby GRANTS Defendant Pinnacle Credit Services, LLC's Motion to Dismiss <u>31</u> with prejudice.  In addition, the Court GRANTS Defendant Convergent Outsourcing, Inc.'s Motion for Judgment on the Pleadings <u>33</u> with leave to amend.  Plaintiff shall have 20 days to file an amended complaint.  Further, plaintiff's counsel is hereby ordered to show cause within 20 days:  (1) why monetary sanctions should not be awarded to compensate the above-listed defense counsel for their appearance at the 09/24/2012, hearing; and (2) why this case should not be dismissed for failure to prosecute, based upon the failure of plaintiff or his counsel's to appear at the hearing. Court Reporter: Laura Elias. (gk) (Entered: 09/25/2012) |

KE 28855666.1

| 10/29/12 | 63 | MINUTES OF Status Conference Re Settlement held before Judge Christina A. Snyder:  No appearance made by the plaintiff, nor on his behalf.  Accordingly, plaintiff is hereby ORDERED to SHOW CAUSE on or before 11/13/2012, why the action should not be dismissed for failure to prosecute and for failure to appear for today's hearing.  In accordance with Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7.15, oral argument shall not be heard in the above matter unless so ordered by the Court.  The Order to Show Cause will stand submitted upon the filing of briefs. Court Reporter: Laura Elias. (gk) (Entered: 10/31/2012) |

### *Diana Toroussian V. Asset Acceptance LLC, et al.*
### 2:12-CV-03519-DDP-AGR

| DATE | DOCKET NO. | DOCKET TEXT |
|---|---|---|
| 08/17/12 | 7 | MINUTE ORDER (IN CHAMBERS) re Order to Show Cause Re Dismissal for Lack of Prosecution by Judge Dean D. Pregerson: Plaintiff(s) is ordered to show cause in writing no later than September 5, 2012 why this action should not be dismissed for lack of prosecution. (jre) (Entered: 08/17/2012) |

### *Gayane A. Yepremyan v. Citibank, et al.*
### 2:12-CV-00725-JAK-JEM

| DATE | DOCKET NO. | DOCKET TEXT |
|---|---|---|
| 10/15/12 | 105 | MINUTES OF Order to Show Cause 89, Request for Substitution of Attorney 90, and Motion to Dismiss 22 held before Judge John A Kronstadt.  Case called.  Counsel makes appearances.  Court addresses order to show cause.  Court hears motion to dismiss.  Counsel state positions.  Court GRANTS motion to dismiss.  This action is DISMISSED WITH PREJUDICE.  Court GRANTS IN PART and DENIES IN PART Defendants' request for sanctions.  Plaintiff's counsel, Arshak Bartoumian, and Plaintiff Gayane A. Yepremyan are jointly and severally liable for the following amounts to each defendant listed: Nordstrom Inc $2,500, U.S. Bank $1,500, Citibank $1,500, HSBC Bank $1,500, and Chase Bank USA $2,500.  Each amount is due payable within |

12

| | | |
|---|---|---|
| | | 30 days of the Court's final order as to such sanctions.  Mr. Bartoumian and Ms. Yepremyan is each permitted to file a declaration no later than 10/22/2012.  Defendants may file a responsive pleading by 10/29/2012.  The Court will make a final determination and issue a written order.  Should Mr. Bartoumian and Ms. Yepremyan fail to file declarations, the amounts awarded to Defendants will become final as of 10/30/2012 and due 30 days thereafter.  See order for details.  (Made JS-6. Case Terminated.) Court Reporter:  Alex Joko. (csi) (Entered:  10/18/2012) |

### *Ghassan A. Kailany v. Chase Home Finance LLC, et al.*
### 2:09-CV-00214-PSG-SH

| DATE | DOCKET NO. | DOCKET TEXT |
|---|---|---|
| 03/09/09 | 10 | MINUTES OF Defendant Chase Home Finance, LLC's motion to dismiss the complaint for failure to state a claim or in the alternative, for a more definite statement (Filed 01/16/09, document #6) Hearing held before Judge Philip S. Gutierrez:  The case is called and counsel for defendant present.  Plaintiff counsel is not present.  The Court hears argument from defendant.  The Court grants above-referenced motion without prejudice.  (Made JS-6. Case Terminated.) Court Reporter:  Miriam Baird. (bm) (Entered:  03/12/2009) |

### *Haikas Sargisian v. Bank of America NA*
### 2:11-CV-08758-PA-FFM

| DATE | DOCKET NO. | DOCKET TEXT |
|---|---|---|
| 01/24/12 | 20 | MINUTE ORDER (IN CHAMBERS) by Judge Percy Anderson:  On January 6, 2012, the Court ordered plaintiff Haikas Sargisian ("Plaintiff") to submit his First Amended Complaint ("FAC") electronically as required by General Order 10-07, Section V, and this Court's Standing Order. (Docket No. 19.)  In its Order, the Court also cautioned the parties that any future violations of the Federal Rules of Civil Procedure, the Local Rules, or the Court's orders may result in the imposition of sanctions.  To date, Plaintiff has not submitted his FAC electronically.  The Court again orders Plaintiff to do so.  Plaintiff must submit the FAC electronically no later than January 30, 2012, or the Court may dismiss this action without prejudice. (smom) (Entered:  01/25/2012) |

13

| 02/06/12 | 24 | MINUTES - IN CHAMBERS by Judge Percy Anderson: The Court strikes the First Amended Complaint ("FAC") that was filed on 01/25/2012 21 and once again orders Plaintiff to submit his FAC electronically by email to CivilIntakeCourtDocs-LA@cacd.uscourts.gov. Failure to do so by 02/13/2012 will result in the Court's dismissing the case without prejudice. Court Reporter: Not Reported. (gk) (Entered: 02/06/2012) |

### *Hakob Otaryan v. Bank of America Corporation*
### 2:11-CV-10231-PSG-MRW

| DATE | DOCKET NO. | DOCKET TEXT |
|------|------------|-------------|
| 05/30/12 | 34 | MINUTES (IN CHAMBERS): ORDER GRANTING Motion to Dismiss and Closing Case by Judge Philip S Gutierrez: (PLEASE REVIEW DOCUMENT FOR FULL AND COMPLETE DETAILS) Pursuant to Local Rule 7-12, the Court deems Plaintiff's failure to oppose BOFA's motion to dismiss with prejudice to be consent to the granting of the motion. Accordingly, the Court the GRANTS Defendant Bank of America Corporation's Motion to Dismiss with Prejudice. RE: granting 32 Motion to Dismiss Case ( MD JS-6. Case Terminated ) (1w) (Entered: 05/30/2012) |

### *Haykaz Abrahamyan v. AFNI Inc.*
### 2:12-CV-04159-SVW-RZ

| DATE | DOCKET NO. | DOCKET TEXT |
|------|------------|-------------|
| 11/20/12 | 13 | MINUTES (IN CHAMBERS) ORDER re Motion for Judgment on the Pleadings 10 by Judge Stephen V. Wilson: As of the date of this Order, Plaintiff has yet to file any opposition to the Motion for Judgment on the Pleadings. In accordance with Local Rule 7-12, the Court construes Plaintiff's failure to oppose as consent to granting the Motion. For these reasons, Defendant's Motion for Judgment on the Pleadings is GRANTED and the action is DISMISSED WITHOUT PREJUDICE. The hearing scheduled for 11/26/2012 is VACATED. (MD JS-6. Case Terminated.) (jp) (Entered: 11/21/2012) |

14

| | | |
|---|---|---|
| **_Henrik Zamanyan v. Northland Group Inc., et al._**<br>**2:12-CV-01212-MWF-JEM** | | |
| **DATE** | **DOCKET No.** | **DOCKET TEXT** |
| 11/02/12 | 78 | MINUTES (IN CHAMBERS): ORDER by Judge Michael W Fitzgerald. The action is DISMISSED WITH PREJUDICE for failure to prosecute and failure to comply with court rules and orders. Defendant's Motion for Sanctions 65 is DENIED. (kbr) (Entered: 11/02/2012) |

| | | |
|---|---|---|
| **_Hovik Seysyan v. Experian Information Solutions Inc., et al._**<br>**2:12-CV-02264-RGK-JCG** | | |
| **DATE** | **DOCKET No.** | **DOCKET TEXT** |
| 01/14/13 | 26 | MINUTES OF SCHEDULING CONFERENCE before Judge R. Gary Klausner. The plaintiff is not present. Matter to be held for second call. Case recalled. The plaintiff is not present. The Court set and Order to Show Cause Hearing for January 28, 2013 at 9:00 A.M. to determine why the matter should not be dismissed for lack of prosecution. The Scheduling Conference is continued to 1/28/2013 09:00 AM. Court Reporter: Theresa Lanza. (bp) (Entered: 01/14/2013) |
| 01/28/13 | 27 | MINUTES: ORDER TO SHOW CAUSE/SCHEDULING CONFERENCE: Case called. The plaintiff is not present. Plaintiff is not present. Plaintiff failed to respond to the Order to Show Cause regarding his failure to appear on January 14, 2013, and there has been no communication with the Court. The matter is ordered dismissed for lack of prosecution IT IS SO ORDERED by Judge R. Gary Klausner Court Reporter: Theresa Lanza. (ir) (Entered: 01/28/2013) |

KE 28855666.1

| *International Families Association v. Electronic Payments, et al.* 2:11-CV-02254-R-VBK | | |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 07/18/11 | 13 | MINUTES: ORDER TO SHOW CAUSE REGARDING FAILURE TO COMPLY WITH LOCAL RULE 3-2: Plaintiff's counsel failed to appear at the Order to Show Cause hearing. The Court must impose personal sanctions against Plaintiff's counsel, in the amount of $500.00 for failure to comply with the requirements of Local Rule 3-2, regarding initiating documents. The Court ORDERS Arshak Bartoumian counsel, to comply with Local Rule 3-2 and pay the sanction of $500.00 to the Clerk's Office within ten days, by no later than July 28, 2011. A further Order to Show Cause hearing is hereby scheduled on August 8, 2011 at 10:00 A.M. Compliance with Local Rule 3-2 must be met, or future sanctions in an amount sufficient to notify the State Bar will be imposed by Judge Audrey B. Collins. Court Reporter: Katherine Stride. (ir) (Entered: 07/19/2011) |

| *Jose Percimar Duenas v. Nordstrom FSB* 2:12-CV-02062-GAF-JC | | |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 10/15/12 | 21 | MINUTES (In Chambers) ORDER DISMISSING CASE by Judge Gary A. Feess: On 9/13/1012, the Court dismissed Plaintiff's Complaint against Nordstrom FSB, but permitted Plaintiff leave to amend certain of his claims by 10/1/2012. (Docket No 19 [09/13/12 Order].) The Court specifically advised Plaintiff that failure to file an amended complaint by that deadline would be deemed consent to dismissal of the action with prejudice. To date, Plaintiff has not filed an amended complaint. Accordingly, Plaintiff's action is DISMISSED with prejudice. (Made jS-6-. Case Terminated.) (jp) (Entered: 10/15/2012) |

| | | |
|---|---|---|
| | *Karen Vahanyan v. Unifund Corporation, et al.*<br>2:12-cv-01849-DMG-CW | |
| **DATE** | **DOCKET No.** | **DOCKET TEXT** |
| 07/12/12 | 33 | MINUTE IN CHAMBERS - Order To Show Cause Re:  Dismissal for Lack of Prosecution by Judge Dolly M. Gee:  The court, on its own motion, orders plaintiff(s) to show cause in writing on or before 07/26/2012 why this action should not be dismissed for lack of prosecution as to defendants Unifund Corporation, Redline Recovery Services, LLC, Northland Group, Inc., United Collection Bureau, Inc., Convergent Outsourcing, Southwest Credit Systems LP, Enhanced Recovery Company, LLC, Collection Company of America, and I.C. System, Inc. No oral argument of this matter will be heard unless ordered by the Court. The Order will stand submitted upon the filing of a written response on or before the date upon which a response by plaintiff(s) is due.  This action will be dismissed as to the above named defendants if a written response demonstrating good cause is not filed by the date indicated above. (jp) (Entered:  07/12/2012) |
| 07/13/12 | 35 | MINUTES OF Motion Hearing held before Judge Dolly M. Gee:  No appearance made on behalf of the plaintiff.  The Court and counsel confer. Following discussions with counsel, the defendant's motion for summary judgment 12 and motion for sanctions 15 are taken under submission and a written order will issue.  Plaintiff's counsel is ORDERED TO SHOW CAUSE ("OSC") why sanctions should not be imposed against him for his failure to timely notify opposing counsel of his decision to waive oral argument and to submit on the Court's tentative.  By no later than 07/20/2012, Defendant's counsel shall file a<br><br>declaration regarding the fees and costs incurred as a result of her unnecessary appearance for the hearing on Defendant's motions. Plaintiff's counsel shall file his written response to the OSC no later than 07/27/2012.  Court Reporter:  Rosalyn Adams. (gk) (Entered: 07/18/2012) |

17

| 08/20/12 | 38 | MINUTES OF IN CHAMBERS - ORDER ISSUING SANCTIONS AGAINST PLAINTIFF'S COUNSEL by Judge Dolly M. Gee: In its 07/13/2012 order, the Court ordered Plaintiff's counsel to show cause ("OSC") why sanctions should not be imposed against him for his failure to timely notify opposing counsel of his decision to waive oral argument and to submit on the Court's tentative 35. The Court ordered Plaintiff's counsel to respond to the OSC by no later than 07/27/2012. As of the date of this Order, Plaintiff's counsel has failed to file any response. Counsel for Defendant The Moore Law Group, A.P.C. states that, accounting for the time she spent driving to and from and attending the 07/13/2012 hearing. Unnecessarily, she is requesting attorney's fees in the amount of $1,320 within one week from the date of this Order. Court Reporter: Not Reported. (gk) (Entered: 08/20/2012) |

### *Karine Yegiazaryan v. Professional Collection Services LLC*
### 2:11-CV-10415-CAS-PJW

| DATE | DOCKET NO. | DOCKET TEXT |
|------|------------|-------------|
| 07/23/12 | 13 | MINUTES OF Motion Hearing held before Judge Christina A. Snyder: No appearance is made by the plaintiff, nor on plaintiff's behalf. The Court confers with Movant's counsel and grants Movant Professional Collection Consultants' Motion to Quash or to Dismiss 11 without prejudice. Movant shall submit a Proposed Order forthwith. Court Reporter: Laura Elias. (gk) (Entered: 07/25/2012) |

### *Karlen Ghazarian v. First Resolution Management Corporation*
### 2:12-CV-01216-R-JCG

| DATE | DOCKET NO. | DOCKET TEXT |
|------|------------|-------------|
| 07/02/12 | 30 | MINUTES OF Motion to Dismiss Case 15 17 held before Judge Manuel L. Real. There is no appearance on behalf of plaintiff. The Court GRANTS each or the above-listed motions, for reasons as stated on the record. Defendants shall submit proposed orders. Court Reporter: Sheri Kleeger. (kti) (Entered: 07/03/2012) |

KE 28855666.1

| 07/16/12 | 35 | MINUTES of Defendant Van Ru Credit Corp.'s motion to dismiss (fld 6-14-12) hearing held before Judge Manuel L. Real. There is no appearance on behalf of plaintiff. Defendant submits on the papers as filed. The Court GRANTS Van Ru Credit Corp's motion to dismiss 28, with prejudice, for reasons as stated on the record. The Court further notes that plaintiff's counsel has failed to appear at any of the hearings on the motions to dismiss brought thus far by individual defendants. The Court ORDERS this case dismissed, with prejudice, as to all defendants, as all causes of action against the other defendants are identical to those whose motions to dismiss have already been granted with prejudice. Defendant shall submit a proposed order. Court Reporter: Sheri Kleeger. (Made JS-6. Case Terminated.) (lom) (Entered: 07/18/2012) |

### *Levon Filian v. ACS Education Services Inc.*
### 2:12-CV-03049-GAF-MAN

| DATE | DOCKET NO. | DOCKET TEXT |
|---|---|---|
| 11/21/12 | 13 | MINUTE ORDER IN CHAMBERS ORDER OF DISMISSAL by Judge Gary A. Fess: Having been advised that counsel Arshak Bartoumian, who has been a repeat violator of the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, and this Court's scheduling orders, has failed to participate in the preparation of the Rule 26(1) Joint Scheduling Conference Statement, this case is ORDERED DISMISSED FOR FAILURE TO PROSECUTE (Made JS-6. Case Terminated.) (bp) (Entered: 11/21/2012) |

### *Loretta Khachatryan v. Equable Ascent Financial LLC*
### 2:11-CV-09523-ODW-SH

| DATE | DOCKET NO. | DOCKET TEXT |
|---|---|---|
| 01/25/12 | 12 | ORDER DISMISSING CASE by Judge Otis D Wright, II. THE COURT ORDERS that this action be, and hereby is, dismissed with prejudice for failure to comply with the orders of the Court. Case Terminated. Made JS-6. (rrey) (Entered: 01/26/2012) |

KE 28855666.1

| | | *Loretta Khachatryan v. United Recovery Systems LP, et al.*<br>**2:12-CV-03084-MLR-FFM** |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 11/05/12 | 16 | MINUTES OF ORDER TO SHOW CAUSE re dismissal for failure to file proofs of service of summons and complaint on defendants held before Judge Manuel L. Real.  There is no appearance by plaintiff or plaintiff's counsel, Arshak Bartoumian, in spite of the Courts specific order that they appear at this hearing.  The Court ORDERS attorney Arshak Bartoumian to pay sanctions for his failure to obey this Courts Order in the amount of $500.00, to be paid forthwith to the U.S. District Court, Central District of California's Library Fund.  IT IS FURTHER ORDERED that this action is hereby DISMISSED for failure to prosecute and failure to follow Court Orders. 2 (Made JS-6, Case Terminated.) Court Reporter:  Sheri Kleeger. (pj) (Entered:  11/05/2012) |

| | | *Mara Khayan v. Asset Acceptance Capital Corp., et al.*<br>**2:12-CV-00296-GW-FMO** |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 03/29/12 | 20 | MINUTES OF Scheduling Conference held before Judge George H Wu, Last day to add parties and/or Amended Pleadings due by 04/6/2012. Discovery cut-off 08/24/2012. Motions due by 10/18/2012. Jury Trial set for 11/27/2012 09:00 A.M. before Judge George H Wu. Pretrial Conference set for 11/15/2012 08:30 A.M. before Judge George H Wu. Status Conference set for 06/28/2012 08:30 A.M. before Judge George H Wu.  Additionally, counsel for plaintiff is ordered to appear on April 19, 2012 at 8:30 A.M., and show cause why this matter should not be dismissed for plaintiff's failure to appear at today's hearing and for failure to prosecute Court Reporter:  Pat Cuneo. (pj) (Entered: 03/30/2012) |

KE 28855666.1

| 04/19/12 | 21 | MINUTES OF Show Cause Hearing held before Judge George H Wu: Counsel for plaintiff is not present.  An appearance by Plaintiff and/or his counsel was not made and no response has been filed.  Plaintiff is hereby notified that this action is dismissed without prejudice. Additionally, Plaintiff is ordered to appear on May 10, 2012 at 8:30 A.M., and show cause why sanctions should not be imposed for failure to appear on March 29, 2012 and today's hearing.  Defendants are ordered to personally serve counsel for plaintiff. (Made JS-6. Case Terminated.) (jre) (Entered: 04/20/2012) |
| --- | --- | --- |
| 05/10/12 | 23 | MINUTES OF ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED UPON PLAINTIFF FOR FAILURE TO APPEAR ON MARCH 29, 2012 AND APRIL 19, 2012.  Counsel for plaintiff is not present.  For reasons stated on the record, the counsel for defendants Christopher D. Holt is awarded sanctions in the amount of $2,127.58 against Plaintiff Mara Khayan and his/her counsel, jointly. Counsel for defendant will file a proposed order forthwith. Show Cause Hearing held before Judge George H Wu Court Reporter:  Wil Wilcox. (bp) (Entered:  05/11/2012) |
| 25 | 05/21/12 | ORDER GRANTING SANCTIONS by Judge George H Wu, re Show Cause Hearing, 23 IT IS HEREBY ORDERED that Plaintiff Mara Khayan and his/her attorney jointly shall pay Defendant Resurgent sanctions in the amount of $2,127.58. (pj) (Entered:  05/21/2012) |
| 26 | 05/23/12 | MINUTE ORDER IN CHAMBERS re ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH LOCAL RULE 3-2 AND SCHEDULING ORDER TO SHOW CAUSE HEARING BEFORE THE CHIEF JUDGE by Judge Audrey B. Collins:  IT IS HEREBY ORDERED that counsel appear in person before Chief Judge AUDREY B. COLLINS, on June 11, 2012, at 10:00 A.M., Courtroom 680, Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California, to show cause why monetary sanctions should not be imposed against counsel pursuant to Local Rule 83-7 (a), for failure to comply with Local Rule 3-2.  A written response to this Order to Show Cause shall be filed no later than June 4, 2012.  Failure to do so will result in the matter being submitted to the Court without hearing and be deemed consent to the imposition of sanctions. (see document for further details) (bm) (Entered:  05/23/2012) |

KE 28855666.1

| 28 | 06/18/12 | MINUTE ORDER IN CHAMBERS re ORDER TO SHOW CAUSE REGARDING FAILURE TO COMPLY WITH LOCAL RULE 3-2 by Judge Audrey B. Collins:  The Court must impose personal sanctions against Plaintiff's counsel, in the amount of $500.00, for failure to comply with the requirements of Local Rule 3-2, regarding initiating documents.  The Court ORDERS Arshak Bartoumian counsel, for plaintiff to comply with Local Rule 3-2 and pay the sanction of $500.00 to the Clerk's Office within ten days, June 28, 2012.  A further Order to Show Cause hearing is hereby scheduled on July 9, 2012 at 10:00 A.M.  Compliance with Local Rule 3-2 must be met, or future sanctions in an amount sufficient to notify the State Bar will be imposed. (see document for further details) (bm) (Entered:  06/18/2012) |

### Mara Khayan v. Bank of America NA, et al.
### 2:12-CV-03520-GHK-VBK

| DATE | DOCKET NO. | DOCKET TEXT |
|---|---|---|
| 09/25/12 | 54 | MINUTES (IN CHAMBERS) ORDER re:  (1) Chase Bank's Motion to Dismiss Plaintiff's Complaint (Dkt. No. 27); (2) FDS Bank's Motion to Dismiss (Dkt No. 35) by Judge George H. King granting 31 Motion to Dismiss; granting 22 Motion to Dismiss:  Thus, Plaintiff's failure to file an opposition is deemed her non-opposition to Chase Bank and FDS Bank's Motions and her consent to the granting of the relief sought. See Ghazali v. Moran, 46 F.3d 52, 5354 (9th Cir. 1995).  Accordingly, Chase Bank and FDS Bank's Motions are GRANTED and this action is hereby DISMISSED as to Chase Bank and FDS Bank.  The docket reflects that Defendants Department Stores National Bank, US Bank, N.A., and Verizon Wireless, Inc. do not appear to have been served.  Moreover, it does not appear that Defendant Victoria's Secret, Inc. has been properly served, given that the proof of service filed states that the |

22

<table>
<tr><td></td><td></td><td>entity "World Financial Network National Bank," not "Victoria's Secret, Inc.," was served on August 9, 2012. (See Dkt. No. 13). Plaintiff is hereby ORDERED to serve these Defendants within fourteen (14) days hereof, or show cause, in writing, by that same date, why proper service was not affected. Failure to do so will be deemed Plaintiff's abandonment of this action as to Department Stores National Bank, US Bank, N.A., Verizon Wireless, Inc., and Victoria's Secret, Inc., and the case will be dismissed, without prejudice, for failure to prosecute and failure to comply with our Order as to these Defendants. (see document for further details) (bm) (Entered: 09/25/2012)</td></tr>
<tr><td>10/22/12</td><td>69</td><td>MINUTES (IN CHAMBERS):  ORDER by Judge George H. King: granting 32, Motion to Dismiss Case; granting 39 Motion to Dismiss Case; granting 42 Motion to Dismiss Case granting 49 Motion to Dismiss Case; denying 59 Motion to Dismiss ; denying 64 Motion to Dismiss Case; denying 65 Motion to Strike; granting 25 Motion to Dismiss Case.  Plaintiff's untimely FAC, filed without seeking leave of court, is hereby STRICKEN.  Because the FAC is stricken, Chase Bank, FDS Bank, and Bank of Americas motions to dismiss the FAC, (Dkt. Nos. 59, 64, 65), are hereby DENIED as moot.  We also note that Plaintiff may not name any dismissed defendants in any amended complaint without first moving to set aside the dismissal.  Plaintiff's failure to file an opposition is deemed her non-opposition to the motions and her consent to the granting of the relief sought.  See Ghazali v. Moran, 46 F.3d 52, 5354 (9th Cir. 1995).  Accordingly, the motions are GRANTED and this action is hereby DISMISSED with prejudice as to Bank of America, HSBC Bank, Citibank, State Farm Financial Services, and Wells Fargo.  Finally, as to Defendants Department Stores National Bank, US Bank, N.A., Verizon Wireless, Inc., and Victoria's Secret, Inc. because Plaintiff failed to respond our September 25, 2012 Order, we hereby DISMISS these Defendants, without prejudice, for Plaintiff's failure to prosecute and failure to comply with our Order.  In light of this Order, this case will proceed as to Defendants GE Money Bank and Discover Financial Services. (shb) (Entered:  10/23/2012)</td></tr>
</table>

| 12/05/12 | 91 | MINUTES: (In Chambers) Order re: (1)Wells Fargo's Motion for an Award of Attorneys' Fees 75; (2) FDS Bank's Motion for an Award of Attorneys' Fees 82; and (3) GE Capital Retail Bank's Motion for Judgment on the Pleadings 81: Accordingly, Wells Fargo's Motion for an award of attorneys' fees in the sum of $9,792.50 for services incurred up to and through the filing of this fee motion is GRANTED to the extent it seeks recovery directly from Bartoumian. FDS Bank's Motion for an award of attorneys' fees in the sum of $9,721.00 is likewise GRANTED to the extent it seeks recovery directly from Bartoumian. 3 The hearing dates for these motions are hereby TAKEN OFF CALENDAR. Accordingly, GE Capital's Motion for Judgment on the Pleadings, joined by Discover, is GRANTED. GE Capital and Discover are DISMISSED from this action. The hearing date for this motion is hereby TAKEN OFF CALENDAR IT IS SO ORDERED by Judge George H. King. (ir) (Entered: 12/05/2012) |
|---|---|---|

### *Margarita Reyes v. American Express Company*
### 2:12-CV-02113-GHK-AGR

| DATE | DOCKET NO. | DOCKET TEXT |
|---|---|---|
| 11/20/12 | 28 | MINUTES: (In Chambers) Order re: Dismissing Action: On November 6, 2012, we ordered Plaintiff Margarita Reyes ("Plaintiff") to show cause, in writing, why this action should not be dismissed for her failure to comply with our August 16, 2012 Order resetting the Scheduling Conference. Plaintiff not only failed to file a Joint Report pursuant to our August 16, 2012 Order, but also ignored our order requiring the Parties to conduct a Rule 26(f) planning meeting. We warned Plaintiff in our November 6, 2012 Order that her "failure to timely and adequately show cause will result in the dismissal of this action." The deadline to respond to the OSC has passed, and Plaintiff has not responded to our OSC. Accordingly, this action is hereby DISMISSED for Plaintiff's failure to comply with our orders and for failure to diligently prosecute. Defendant's Request to Dismiss Case is DENIED as moot IT IS SO ORDERED by Judge George H. King. (ir) (Entered: 11/20/2012) |

24

KE 28855666.1

| | | *Mikayel Mnatsakanyan v. Transunion*<br>**2:12-cv-00717-MWF-RZ** |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 12/07/12 | 24 | NOTICE OF MOTION AND MOTION to Compel Plaintiff's Initial Disclosures and Responses to Discovery filed by DEFENDANT Transunion.  Motion set for hearing on 01/7/2013 at 10:00 AM before Magistrate Judge Ralph Zarefsky.  (Attachments: #1 Declaration of Paul Sheldon, #2 Exhibit A, #3 Exhibit B, #4 Exhibit C, #5 Exhibit D, #6 Proposed Order) (Bradley, Donald) (Entered: 12/07/2012) |
| 12/19/12 | 25 | NOTICE OF NON-OPPOSITION to MOTION to Compel Plaintiff's Initial Disclosures and Responses to Discovery 24 filed by Defendant Transunion.  (Bradley, Donald) (Entered:  12/19/2012) |

| | | *Minasyan v. Creditors Financial Group LLC, et al*<br>**2:12-cv-01864-ODW-FMO** |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 06/25/12 | 53 | ORDER by Judge Otis D Wright, II:  Granting 34 The Moore Law Groups Motion for Rule 11 Sanctions against Plaintiff Hasmik Minasyanin the amount of $3,712.50.  (lc) (Entered:  06/25/2012) |

25

| 06/27/12 | 56 | AMENDED MINUTES 55 held before Judge Otis D Wright, II: AMENDED ORDER REOPENING CASE, RESCHEDULING REARING ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT 24 , STRIKING PLAINTIFF'S MOTION TO STRIKE ANSWER 39, AND STRIKING PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT 50.  On June 25, 2012, this Court issued an Order closing this case for Plaintiff's failure to pay filing fees by June 22, 2012. (ECF No. 54.) The Court is informed that Plaintiff did in fact pay the proper filing fees on June 22, 2012.  Therefore, this case is hereby REOPENED.  The Courts June 25, 2012 Order also vacated the hearings on The Moore Law Groups (TMLG) Motion for Summary Judgment (ECF No. 24); Plaintiff's Motion to Strike TMLGs Answer (ECF No. 39); and Plaintiff's Cross Motion for Summary Judgment (ECF No. 50).  The Moore Law Groups Motion for Summary Judgment (ECF No. 24) is hereby RESCHEDULED for July 16, 2012, at 1:30 P.M.  Given Plaintiff's counsel, Arshak Bartoumian apparent proclivity for disregarding the necessity of personal appearances at hearings in this District, the Court deems it necessary to order Mr. Bartoumian's appearance for this hearing.  Accordingly, both Plaintiff Hasmik Minasyan and her counsel, Arshak Bartoumian, are hereby ORDERED to appear personally on July 16, 2012, for the hearing on TMLGs Motion for Summary Judgment Failure of either Plaintiff or Mr. Bartoumian to appear will result in sanctions of $500.00 a piece.  Upon a failure to appear, Plaintiff or Mr. Bartoumian, or both, will thereafter be sanctioned $500.00 per day until a personal appearance is made before this Court. With respect to Plaintiff's Motion to Strike TMLGs Answer (ECF No. 39), TMLG opposed the motion on June 14, 2012, arguing, among other things, that Plaintiff failed to meet and confer, in contravention of Local Rule 7-3.  The Court notes that Plaintiff's Motion conspicuously omits any statement that the Motion was made following the conference of counsel pursuant to Local Rule 7-3 and the date on which that conference took place, as required by Local Rule 7-3.  In addition, Plaintiff's reply was due no later than June 25, 2012, see Local Rule 7-10; however, as of the date of this Order, Plaintiff has not filed a reply and has therefore failed to respond to TMLGs contention that Plaintiff failed to meet and confer.  Accordingly, the Court hereby STRIKES Plaintiff's Motion to Strike TMLGs Answer (ECF No. 39) for failure to comply with Local Rule 7-3.  In addition, the Court hereby STRIKES Plaintiff's Cross Motion to Strike TMLGs Answer (ECF No. 39) for failure to comply with Local Rule 7-3.  In addition, the Court hereby STRIKES Plaintiff's Cross Motion for Summary Judgment (ECF No. 50) for failure to schedule the |
|---|---|---|

26

KE 28855666.1

| | | hearing 28 days or more after Plaintiff's Motion was filed pursuant to Local Rule 6-1 and for failure to submit Plaintiff's Statement of Uncontroverted Facts as a separate document pursuant to Local Rule 56-1. Finally, the Court notes that Plaintiff has repeatedly disregarded the |
|---|---|---|
| 06/27/12 | 56 | Federal Rules of Civil Procedure or the Central District of California Local Rules, or both, in this action with respect to nearly every single filing made with this Court. See ECF No. 38 (striking Plaintiff's June 8, 2012 Motion to Strike TMLGs Answer for failure to comply with Local Rule 6-1); ECF No. 43 (noting Plaintiff's failure to timely oppose Defendant Hunt & Henriquess May 29, 2012 Motion to Dismiss); ECF No. 45 (noting Plaintiff's failure to file a timely opposition to TMLGs June 4, 2012 Motion for Rule 11 Sanctions); ECF No. 46 (noting Plaintiff's failure to file a timely opposition to TMLGs Motion for Summary Judgment); and ECF No. 49 (again noting Plaintiff's failure to file a timely opposition to TMLGs Motion for Summary Judgment and striking Plaintiff's Cross-Motion for Summary Judgment for failure to schedule the hearing more than 28 days in the future). The Court will not tolerate any further disregard for the rules of this Court. Any future violation of the Federal Rules of Civil Procedure, the Central District of California Local Rules, or this Courts standing order will result in sanctions, up to and including dismissal of this action. (lc) (Entered: 06/27/2012) |
| 09/05/12 | 78 | ORDER that the Court hereby GRANTS both Hunt and Adkins (1) joint motion to dismiss 68 and (2) joint motion for Rule 11 sanctions 69. This case is hereby DISMISSED WITH PREJUDICE by Judge Otis D Wright, II ( MD JS-6. Case Terminated) (lc) Modified on 09/05/2012 (lc) (Entered: 09/05/2012) |

|  | | |
|---|---|---|
| | ***Nvard Grigoryan v. Convergent Outsourcing Inc., et al***<br>**2:12-CV-01499-CAS-PLA** | |
| **DATE** | **DOCKET No.** | **DOCKET TEXT** |
| 06/25/12 | 28 | MINUTES OF Scheduling Conference held before Judge Christina A. Snyder: No appearance is made by plaintiff, nor on plaintiff's behalf. The Court confers with counsel and schedules the following dates: Request for leave to file amended pleadings or to add parties 07/5/2012. |

| | | |
|---|---|---|
| | | Discovery Cut-off 03/15/2013. Motions due by 03/29/2013. Exchange of Expert Reports Cut-off 08/30/2012. Exchange of Rebuttal Reports Cut-off 09/28/2012. Telephonic Status Conference re: Settlement Procedure set for 09/5/2012 12:00 PM before Judge Christina A. Snyder. All parties are ordered to discuss the matter with their clients and opposing counsel prior to the telephone conference. Counsel for DEFENDANT is ordered |
| | | to initiate the telephone conference call THROUGH THE TELEPHONE OPERATOR to include all counsel of record, and CHAMBERS. Pretrial Conference/Hearing on Motions in Limine set for 05/20/2013 11:00 A.M. before Judge Christina A. Snyder. Bench Trial set for 06/11/2013 9:30 A.M. before Judge Christina A. Snyder. Plaintiff is ordered to make all Court appearances. Failure will result in dismissal of the action for failure to prosecute. Court Reporter: Anne Kielwasser. (gk) (Entered: 06/28/2012) |
| 09/24/12 | 39 | MINUTES (IN CHAMBERS) ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND ORDER TO SHOW CAUSE RE: SANCTIONS by Judge Christina A. Snyder: In light of plaintiff and plaintiff's counsel's failure to appear in connection with Defendant's Motion for Judgment on the Pleadings and at the status conference, the Court hereby DISMISSES this case for failure to prosecute. If plaintiff seeks to file an amended complaint, plaintiff must demonstrate good cause for his failure to appear to oppose the motion and failure to appear at 06/25/2012, status conference regarding settlement. Furthermore, plaintiff's counsel is hereby ordered to show cause within 20 days why monetary sanctions should not be awarded to compensate the above listed defense counsel for their appearance at the 09/24/2012 hearing. (Made JS-6. Case Terminated.) Court Reporter: Not Present. (gk) (Entered: 09/25/2012) |

### *Romina Movsisyan v. HSBC Bank USA NA, et al*
### 2:12-cv-00300-DSF-PJW

| DATE | DOCKET NO. | DOCKET TEXT |
|---|---|---|
| 01/08/13 | 38 | MINUTES (IN CHAMBERS): ORDER by Judge Dale S. Fischer: granting 35 Motion for Terminating Sanctions. The hearing set for January 14, 2013 is removed from the Courts calendar. The motion is GRANTED. The case is DISMISSED with prejudice. (rne) (Entered: 01/08/2013) |

KE 28855666.1

| | | **_Shagane Ovsepyan v. OneWest Bank_**<br>**2:11-cv-08714-JGB-RZ** |
|---|---|---|
| **DATE** | **DOCKET No.** | **DOCKET TEXT** |
| 01/14/13 | 40 | MINUTES OF HRG: DEFENDANTS MOTION FOR DISCOVERY AND FOR FEES AND COSTS held before Magistrate Judge Ralph Zarefsky: granting 37 Motion to Compel. Defendant's motion is granted. Responses to discovery requests shall be made, without objections, no later than January 28, 2013. Plaintiff shall pay expenses in the amount of $1944.00 to Defendant no later than January 28, 2013. Court Recorder: CS - 1/14/13. (mz) (Entered: 01/16/2013) |

| | | **_Sona Sukiasyan v. OCS Recovery Inc., et al_**<br>**2:11-CV-09622-GAF-CW** |
|---|---|---|
| **DATE** | **DOCKET No.** | **DOCKET TEXT** |
| 01/22/13 | 29 | MINUTES IN CHAMBERS: ORDER by Judge Gary A. Feess: The Court finds that Plaintiff's claims against Defendants CFC and PC fail as a matter of law. Accordingly, the Court GRANTS summary judgment as to Defendants CFC and PC and DISMISSES them from the Complaint. The Court also awards CFC $13,981.67 and PC $8,750.00 to be paid by Mr. Bartoumian. 22 23 (rfi) (Entered: 01/22/2013) |

| | | **_Stepan Vartanian v. Phillips and Cohen Associates Ltd_**<br>**2:12-CV-00459-CAS-AGR** |
|---|---|---|
| **DATE** | **DOCKET No.** | **DOCKET TEXT** |
| 05/21/12 | 13 | MINUTES OF Scheduling Conference held before Judge Christina A. Snyder. Hearing held and defense counsel is present. No appearance is made by the plaintiff, nor on plaintiff's behalf. The Court confers with |

| | | defense counsel and schedules the following dates:  Request for leave to file amended pleadings or to add parties:  June 29, 2012; Factual Discovery Cut-off:  December 14, 2012; Settlement Completion Cut-off:  August 31, 2012; Last Day to File Motions:  January 18, 2013; Exchange of Expert Reports Cut-off:  November 30, 2012; Exchange of Rebuttal Reports Cut-off:  December 21, 2012; Expert Discovery Cut-off:  January 25, 2013; Status Conference re:  Settlement (11:00 A.M.):  September 10, 2012; Pretrial Conference/Hearing on Motions in Limine (11:00 A.M.):  March 11, 2013; and Jury Trial (9:30 A.M.):  April 2, 2013.  The Court places the above-referenced action into the ADR Program for settlement purposes.  Court Reporter:  Anne Kielwasser. (pso) (Entered: 05/22/2012) |

### *Stepan Vartanian v. LTD Financial Services*
2:12-cv-00458-CAS-SH

| DATE | DOCKET NO. | DOCKET TEXT |
|------|-----------|-------------|
| 06/11/12 | 16 | MINUTES OF Scheduling Conference held before Judge Christina A. Snyder:  **No appearance is made by plaintiff, nor on his behalf.**  The Court confers with defense counsel and schedules the following dates:  Request for leave to file amended pleadings or to add parties 07/6/2012.  Factual Discovery cut-off 09/10/2012.  Motions due by 09/21/2012.  Exchange of Expert Reports Cut-off 08/1/2012.  Exchange of Rebuttal Reports Cut-off 08/22/2012.  Expert Discovery Cut-off 10/10/2012.  Telephonic Status Conference re:  Settlement Procedure set for 09/12/2012 11:00 A.M. before Judge Christina A. Snyder.  All parties are ordered to discuss the matter with their clients and opposing counsel prior to the telephone conference. Counsel for PLAINTIFF is ordered to initiate the telephone conference call THROUGH THE TELEPHONE OPERATOR to include all counsel of record, and CHAMBERS.  Final Pretrial Conference set for 11/26/2012 11:00 A.M. before Judge Christina A. Snyder. Bench Trial set for 12/18/2012 9:30 A.M. before Judge Christina A. Snyder.  Plaintiff's counsel is expected to appear at all future hearings.  Court Reporter: Laura Elias. (gk) (Entered:  06/12/2012) |

| | | Stepan Vartanian v. Creditors Financial Group LLC<br>2:12-CV-00462-SJO-JEM |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 06/19/12 | 13 | ORDER by Judge S. James Otero: the following document(s): Request for substitution of attorney <u>10</u> be STRICKEN for failure to comply with the Local Rules, General Order and/or the Courts Case Management Order for the following reasons: **Attorney Bartoumian has not complied with Court's Initial Standing Order rules 3 and 4.** (lc) Modified on 06/19/2012 (lc). Modified on 06/19/2012 (lc). Modified on 06/19/2012 (lc). (Entered: 06/19/2012) |
| 06/25/12 | 15 | MINUTES OF Scheduling Conference held before Judge S. James Otero: Hearing held. Two matters are called together. The Court indicates that two complaints are almost identical to each other. Counsel for plaintiff is not present. Court is advised that counsel for plaintiff has not perfected substitution of attorney in case CV 12-00462 SJO, but has substituted in case CV 12-01504 SJO. The Court Orders this matter dismissed for plaintiff's failure to appear. (Made JS-6. Case Terminated.) Court Recorder: CS 6/25/12. (lc) (Entered: 06/25/2012) |
| | | Stepan Vartanian v. Client Services Inc.<br>2:12-CV-00468-SJO-RZ |
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |

KE 28855666.1

| 07/09/12 | 13 | MINUTES OF Scheduling Conference held before Judge S. James Otero. The Court sets a Status Conference for hearing today Monday, July 9, 2012 8:30 A.M., ordering Attorney Arshak Bartoumian and Plaintiff Stepan Vartanian present. The Court advised the parties that failure to comply with this order may result in sanctions including but limited to dismissal of this action. Plaintiff is not present as ordered. The Court advises attorney Bartoumian that he has not perfected his request for substitution of counsel in compliance with this Court's Standing Order and the Courts Electronic Filing and Case Management rules. Accordingly, the Court Orders this matter dismissed for plaintiff's failure to appear (Made JS-6. Case Terminated.) Court Recorder: CS 07/9/12. (lc) (Entered: 07/13/2012) |

### *Stepan Vartanian v. JC Christensen and Associates Inc.*
### 2:12-CV-00457-GAF-JCG

| DATE | DOCKET No. | DOCKET TEXT |
|------|-----------|-------------|
| 09/13/12 | 16 | MINUTE ORDER IN CHAMBERS ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF PROSECUTION by Judge Gary A. Feess: The Court VACATES the Scheduling Conference set for September 17, 2012 at 1:30 P.M. Plaintiff(s) are ORDERED to show cause why this case should not be dismissed, for lack of prosecution. Plaintiff must respond to this order within 20 days. Failure to respond to this OSC will be deemed consent to the dismissal of the action. (bp) (Entered: 09/13/2012) |
| 10/15/12 | 20 | MINUTES (In Chambers) by Judge Gary A. Feess: On 9/13/2012, the Court issued an Order to Show Cause RE: Lack of Prosecution in light of the Plaintiff's apparent failure to actively pursue this matter 16. The Order specifically warned Plaintiff that the Court could dismiss this action if plaintiff failed to respond to the Order to Show Cause. Plaintiff was to respond to the Court's Order to Show Cause no later than 10/3/2012. To date, however, no response to the Court's Order has been filed with this Court. Accordingly, the Court hereby dismisses the action without prejudice for lack of prosecution and for failure to respond to the Court's Order to Show Cause. (Made JS-6. Case Terminated.) (jp) (Entered: 10/15/2012) |

### *Stepan Vartanian v. United Recovery Services*
### 2:12-CV-00453-PSG-PLA

| DATE | DOCKET No. | DOCKET TEXT |
|------|-----------|-------------|
| 08/06/12 | 16 | MINUTES OF SCHEDULING CONFERENCE held before Judge Philip S. Gutierrez:  The Court questions Mr. Bartoumian regarding Federal Rule 26, and continues the hearing to August 27th at 2:30 P.M.  The Court also sets an Order To Show Cause Hearing Re:  Sanctions as to plaintiffs counsel for August 27th at 2:30 P.M., and orders that the following documents be filed by August 20th:  A Revised 26f Report; A Memo of Points and Authorities outlining expenses incurred by defense counsel. Court Reporter:  Miriam Baird. (bm) (Entered:  08/06/2012) |
| 09/10/12 | 27 | MINUTES:  SCHEDULING CONFERENCE CONTINUED:  Having continued the matter from August 27th, and having the matter heard at three o'clock to allow plaintiffs counsel more time to make an appearance, the Court rules as follows:  Defendant's request for attorney's fees is granted.  The Court deems that 14.7 hours at the rate of $195 is reasonable therefore, plaintiffs are ordered to pay $2,866.50 to the defendants within ten days.  In addition, because plaintiff's counsel failed to submit for the third time a new joint report by September 4th, the case is dismissed by Judge Philip S. Gutierrez Court Reporter:  Miriam Baird. (Made JS-6. Case Terminated.) (ir) (Entered:  09/11/2012) |

KE 28855666.1

| | | *Suchart Thongnoppakun v. American Express Bank et al*<br>2:11-CV-08063-ODW-MAN | | |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 02/28/12 | 26 | MINUTE ORDER IN CHAMBERS by Judge Otis D Wright, II: Plaintiff(s) is ordered to show cause in writing no later than March 6, 2012 why this action should not be dismissed for lack of prosecution. The Court will consider the filing of the following, as an appropriate response to this OSC, on or before the above date:  Answer by the defendant(s) or plaintiff's request for entry of default (Bleier and Cox LLP).  In the event both documents are filed before the above date, the answer will take precedence.  In accordance with Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, no oral argument on this Order to Show Cause will be heard unless ordered by the Court.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to the Court's Order may result in the dismissal of the action. (lc) (Entered:  02/28/2012) |
| 03/26/12 | 33 | ORDER by Judge Otis D Wright, II:  granting 27 Defendant's Motion to Dismiss Case.  Accordingly, because Plaintiff failed to serve Bleier within the 120 days provided for under Rule 4(m), Plaintiff's claims against Defendant Bleier are DISMISSED WITHOUT PREJUDICE for failure to effectuate proper service Plaintiff may refile this action against Bleier if he so chooses. (lom) (Entered:  03/28/2012) |

34

| | | *Vaagn Zakharyan v. CIR Law Offices LLP, et al*<br>2:12-CV-01792-PSG-CW |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 10/05/12 | 46 | MINUTES (IN CHAMBERS) ORDER by Judge Philip S. Gutierrez GRANTING 19 Motion to Dismiss:  Defendant GC Services LP ("Defendant") filed a motion to dismiss on August 15, 2012, which is set for hearing on October 15, 2012. See Dkts. #19, 35.  Pursuant to Local Rule 7-9, Plaintiff was required to oppose Defendant's motion to dismiss by September 24, 2012.  Plaintiff did not file an opposition, timely or otherwise.  Thus, pursuant to Local Rule 7-12, the Court deems the failure to file a timely opposition to be consent to the granting of Defendant's motion.  See L.R. 7-12.  Based on the above, Defendant's motion to dismiss is GRANTED. (bm) (Entered:  10/05/2012) |
| 10/05/12 | 47 | MINUTES (IN CHAMBERS) ORDER by Judge Philip S. Gutierrez GRANTING 23, 25 Motions to Dismiss Case:  Defendant I.C. System, Inc. ("Defendant") filed a motion to dismiss on August 15, 2012, which is set for hearing on October 15, 2012.  See Dkts. #23, 35.  Pursuant to Local Rule 7-9, Plaintiff was required to oppose Defendant's motion to dismiss by September 24, 2012.  Plaintiff did not file an opposition, timely or otherwise.  Thus, pursuant to Local Rule 7-12, the Court deems the failure to file a timely opposition to be consent to the granting of Defendant's motion. See L.R. 7-12.  Based on the above, Defendant's motion to dismiss is GRANTED. (bm) (Entered:  10/05/2012) |

| | | *Vahe Margaryan v. Primary Financial Services et al*<br>2:11-CV-08717-JAK-FFM |
|---|---|---|
| **DATE** | **DOCKET NO.** | **DOCKET TEXT** |
| 04/12/12 | 55 | ORDER AWARDING ATTORNEYS FEES by Judge John A Kronstadt. in the amount of $5,460.00.  Arshak Bartoumian and/or his law firm Omnia Legal, Inc shall pay $5,460.00 directly to counsel for Bishop, White, Marshall & Weibel, PS using the contact information provided at the top of this Order. 12.  Failure to pay the attorney fees hereby ordered within the time permitted by the Court shall result in additional sanctions. (shb) (Entered:  04/13/2012) |

35

| | | ***Vartan Antonyan v. Client Services Inc.***<br>2:12-CV-01510-DSF-CFE | | |
| DATE | DOCKET NO. | DOCKET TEXT |
| --- | --- | --- |
| 01/31/13 | 28 | MEMORANDUM:  (In Chambers) Order Imposing Sanctions on Attorney Arshak Bartoumian:  Arshak Bartoumian and his firm Omnia Legal, Inc. are ordered to pay the following amounts in sanctions for violation of Rule 11 or, in the alternative, pursuant to the Courts inherent powers:  In Antonyan v. Client Services, Inc., CV 12-15111 DSF (Ex), Defendant Client Services, Inc. is awarded $5,377.43.  This is the amount requested less the amount of fees and costs incurred prior to Bartoumian becoming attorney of record.  In Balasanyan v. Department Stores National Bank, et al., CV 12-7589 DSF (Ex), Defendant Citibank, N.A. is awarded its full requested fees of $2,100.5 Defendants Equable Ascent Financial, LLC, and Vion Holdings, LLC are awarded their full requested fees and costs of $5,448.49.  Defendant Chase Bank USA, N.A. has |
| 01/31/13 | 28 | requested fees and costs, but has not provided an amount or fee and costs statements.  Billing statements should be submitted no later than February 15 so that an amount for the sanction can be fixed.  In Hanna v. BMW Financial Services, LLC, et al., CV 12-7703, DSF (VBKx), Defendant Citibank, N.A. is awarded its full requested fees of $2,345.  Defendant Chase Bank USA, N.A. has requested fees and costs, but has not provided an amount or fee and costs statements.  Billing statements should be submitted no later than February 15 so that an amount for the sanction can be fixed.  The specific amounts awarded above must be paid no later than February 15, 2013.  Bartoumian is ordered to file a declaration in each of these cases stating that these sums have been paid IT IS SO ORDERED by Iticlite Dale S. Fischer. (ir) (Entered:  02/01/2013) |

## LEGAL ANALYSIS

Local Rule 83-3.1.2 mandates that "each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto." This rule further provides that "these statutes, rules and decisions are hereby adopted as the standards of professional conduct, and any breach or violation thereof may be the basis for the imposition of discipline."

36

California Rule of Professional Conduct 3-110(A) states that "a member shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence." The State Bar Act also provides that "a willful disobedience or violation of an order of the court requiring him to do or forbear an act connected with or in the course of his profession, which he ought in good faith to do or forbear, and any violation of the oath taken by him, or of his duties as such attorney, constitute causes for disbarment or suspension." Cal. Bus. & Prof. Code § 6103.

This Committee finds that Mr. Bartoumian has violated Rule 3-110(A) by "repeatedly fail[ing] to perform legal services with competence." While an isolated example of failing to appear at a court hearing or failing to file an opposition to a motion might not constitute incompetence, the record here demonstrates that Mr. Bartoumian repeatedly failed to provide legal services with competence. As reflected in the dockets of the 51 cases described above, Mr. Bartoumian, on dozens of occasions, either failed to 1) appear at hearings, 2) file oppositions to motions, 3) prosecute complaints he filed, or 4) respond to orders to show cause re the imposition of sanctions. In addition, in several cases, Mr. Bartoumian was sanctioned by the presiding court. There can be no plausible argument that Mr. Bartoumian's conduct demonstrates the performance of "legal services with competence;" nor has Mr. Bartoumian proferred such an argument.

This Committee also finds that Mr. Bartoumian has violated Business & Professions Code Section 6103 by a willful . . . violation of an order of the court . . ." In at least the following matters, Mr. Bartoumian violated one, or more, court orders. In light of the frequency of Mr. Bartoumian's violations, this Committee finds his violations to be willful.

| CASE NAME | CASE NO. | DOCKET ENTRY NO. |
|---|---|---|
| Arutyunyan v. Bank of America | 2:11-CV-08873-GW | 18, 33 |
| Arutyunyan v. JP Morgan Chase Bank | 2:11-CV-08969-JAK | 22 |
| Yepremyan v. Citibank | 2:12-CV-00725-JAK | 105 ("The Court notes that Plaintiff and Plaintiff's counsel, Mr. Bartoumian, have failed to properly prosecute this case, comply with court rules, and comply with court orders. There have been multiple issues raised at multiple hearings, with multiple opportunities for each to have complied with his or her obligations under this Court's Orders and the applicable Civil and Local Rules.). |

KE 28855666.1

| CASE NAME | CASE NO. | DOCKET ENTRY NO. |
|---|---|---|
| Yepremyan v. Citibank | 2:12-CV-00725-JAK | 105 |
| Sargisian v. Bank of America NA | 2:11-CV-08758-PA | 20 |
| Vahanyan v. Unifund | 2:12-CV-01849-DMG | 38 |
| Filian v. ACS Education Services, Inc. | 2:12-CV-03049-GAF | 13 |
| Khachatryan v. Equable Ascent Financial | 2:11-CV-09523-ODW | 12 |
| Khachatryan v. United Recovery Services LP | 2:12-CV-03084-MLR | 16 (No appearance by . . . plaintiff's counsel, Arshak Bartoumian, in spite of the Court's specific order that [he] appear at this hearing.") |

In addition, the State Bar Act requires that an attorney report in writing to the California State Bar within 30 days of "the imposition of judicial sanctions against [him], except for sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars." Cal. Bus. & Prof. Code §6068(o)(3). This Committee finds that in at least the following five matters, Mr. Bartoumian was sanctioned in an amount in excess of $1,000; none of these sanctions related to a failure to make discovery. The Committee has conferred with the State Bar of California and there is no written record of Mr. Bartoumain ever advising the State Bar of any of these sanctions orders.

| CASE NAME | CASE NO. | DOCKET NO. | SANCTION DISCUSSION |
|---|---|---|---|
| Yepremyan v. Citibank | 2:12-CV-00725-JAK | 105 | Sanctioned $9,500; no report to State Bar |
| Vahanyan v. Unifund Corp. | 2:12-CV-01849-DMG | 38 | Sanctioned $1,320; no report to State Bar |
| Khayan v. Asset Acceptance Capital Corp. | 2:12-CV-00296-GW | 23 | Sanctioned $2,127.58; no report to State Bar |

38

| CASE NAME | CASE NO. | DOCKET NO. | SANCTION DISCUSSION |
|---|---|---|---|
| Khayan v. Bank of America NA | 2:12-CV-03520-GHK | 91 | Sanctioned $9,792.50, in favor of Wells Fargo, and sanctioned $9,721 in favor of FDS Bank |
| Minasyan v. Creditors Financial Group LLC | 2:12-CV-01864-ODW | 53 | Rule 11 sanctions in the amount of $3,712.50 |

Finally, California Business and Professions Code Section 6068(b) requires that an attorney maintain the respect due to the courts of justice and judicial officers; Section 6068(c) directs attorneys to "maintain those actions . . . only as appear to him legal or just." The wealth of the evidence in these matters establish that Mr. Bartoumian has failed to maintain the respect due to the courts and, given the number of matters in which Mr. Bartoumian has either been subject to Rule 11 sanctions or has simply not opposed motions to dismiss, Mr. Bartoumian has not maintained those actions that appear legal or just.

## RECOMMENDATIONS

Section 3 recommends that Mr. Bartoumian be disbarred from the Central District of California. While this is the most severe sanction this Section can recommend, it is warranted under these circumstances. Mr. Bartoumian has repeatedly violated multiple rules of professional conduct and has repeatedly ignored multiple court orders. Also, he has repeatedly been sanctioned—at times for thousands of dollars—by judges in this district. Finally, he has refused to provide any explanation for the multiple counts of misconduct. Many of his offenses, standing alone, would create a compelling case for disbarment. His record, as a whole, leaves no doubt that disbarment is the only appropriate result.

39